IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LEE JACKSON,                    No. CIV.S-05-0500 MCE DAD PS

      Plaintiff,

  v.                                   <u>ORDER</u>

ARNOLD SCHWARZENEGGER,

      Defendant.
_____/

      Plaintiff, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 72-302(21), pursuant to 28 U.S.C. § 636(b)(1).

      Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

      The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any

1

1  time if it determines the allegation of poverty is untrue, or if the
2  action is frivolous or malicious, fails to state a claim on which
3  relief may be granted, or seeks monetary relief against an immune
4  defendant.

5  　　　　A claim is legally frivolous when it lacks an arguable
6  basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319,
7  325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
8  1984). Under this standard, a court shall dismiss a claim as
9  frivolous where it is based on an indisputably meritless legal theory
10 or where the factual contentions are clearly baseless. See Neitzke,
11 490 U.S. at 327; see also 28 U.S.C. § 1915(e).

12 　　　　A complaint, or portion thereof, should only be dismissed
13 for failure to state a claim upon which relief can be granted if it
14 appears beyond doubt that the plaintiff can prove no set of facts in
15 support of the claim or claims that would entitle him to relief.
16 Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v.
17 Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log
18 Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
19 complaint under this standard, the court must accept as true the
20 allegations of the complaint. Hospital Bldg. Co. v. Rex Hosp.
21 Trustees, 425 U.S. 738, 740 (1976). Furthermore, the court must
22 construe the pleading in the light most favorable to the plaintiff,
23 and resolve all doubts in the plaintiff's favor. See Jenkins v.
24 McKeithen, 395 U.S. 411, 421 (1969).
25 /////
26 /////

1         The court finds the allegations in the complaint so vague
2 and conclusory that it is unable to determine whether the current
3 action is frivolous or fails to state a claim for relief.  The
4 complaint is somewhat unintelligible and does not indicate any basis
5 for federal jurisdicton.  The reference at the end of the nine-page,
6 handwritten complaint to the United States Constitution as providing
7 monetary compensation "whenever and wherever" a persons "rights were
8 not given" does not suffice in this regard.  Further, the only named
9 defendant is Governor Arnold Schwarzenegger and the complaint,
10 liberally construed, contains allegations that plaintiff's mother
11 received inadequate health care at San Joaquin General Hospital and
12 at her home while being cared for by nurses employed by the State of
13 California.  The complaint does mot address plaintiff's standing to
14 raise such claims.  Moreover, the complaint contains a reference to
15 the California Health and Safety Code in this regard.  These
16 allegations indicate that plaintiff's claim is more properly pursued
17 in state court rather than this court which appears to lack subject
18 matter jurisdiction.

19         Accordingly, the court has determined that the complaint
20 does not contain a short and plain statement as required by Fed. R.
21 Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible
22 pleading policy, a complaint must give fair notice and state the
23 elements of the claim plainly and succinctly.  <u>Jones v. Community</u>
24 <u>Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  The complaint
25 fails to meet these requirements.  As noted, the complaint also fails
26 /////

3

1 to set forth any factual allegations giving rise to federal
2 jurisdiction.  <u>See</u> Fed. R. Civ. P. 8(a)(2).

3    Because of these deficiencies, plaintiff's complaint must
4 be dismissed.  Nonetheless, the court will grant leave to file an
5 amended complaint.  If plaintiff chooses to amend the complaint, he
6 must set forth the grounds upon which the court's jurisdiction
7 depends.  Moreover, the amended complaint must include clear factual
8 allegations describing the events which underlie plaintiff's claims.

9    In addition, plaintiff is informed that the court cannot
10 refer to a prior pleading in order to make plaintiff's amended
11 complaint complete.  Local Rule 15-220 requires that an amended
12 complaint be complete in itself without reference to any prior
13 pleading.  This is because, as a general rule, an amended complaint
14 supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57
15 (9th Cir. 1967).  Once plaintiff files an amended complaint, prior
16 pleadings no longer serve any function in the case.  Therefore, in an
17 amended complaint, as in an original complaint, each claim and the
18 involvement of each defendant must be sufficiently alleged.  Any
19 amended pleading which fails to provide the necessary factual
20 description will likely be dismissed.

21    Plaintiff is forewarned that the failure to file an amended
22 complaint which complies with this order will result in a
23 recommendation that this action be dismissed.

24    Accordingly, for the reasons set forth above, IT IS HEREBY
25 ORDERED that:
26 /////

1.   Plaintiff's request for leave to proceed in forma pauperis is granted;

2.   Plaintiff's complaint is dismissed; and

3.   Plaintiff is granted twenty (20) days from the date of service of this order to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice; the amended complaint, if any, must bear the number assigned this case and must be labeled "Amended Complaint".  Plaintiff must file an original and two copies of any amended complaint.

DATED: October 20, 2005.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:th
Ddadl\orders.prose\jackson0500.dism.lta

5